STATE *ex rel.* STRONG *et al. v.* STRONG.

(*Nashville*, December Term, 1939.)

Opinion filed December 8, 1939.

Holmes & Holmes, of Trenton, for complainants.

W. R. Landrum, of Trenton, for defendant.

Mr. Justice DeHaven delivered the opinion of the Court.

This is a *habeas corpus* proceeding on the relation of Vernon Strong, as next friend of his two minor children, Maggie Strong and Harold Strong, aged eight and four years, respectively. The defendant, Opal Strong, is the wife of the relator from whom he was living apart.

The chancellor awarded the possession of Maggie Strong to the relator, but left Harold Strong in the possession of the defendant, all subject to the further order of the court.

From the decree, defendant undertook to appeal to the court of appeals on the pauper's oath. Relator moved to dismiss the appeal for want of an appeal bond, relying on section 9716 of the Code, which is as follows:

"Any party, either relator or defendant, in any habeas corpus case shall have the right of appeal to the proper appellate court from any judgment or decree rendered against such party by an inferior court; provided, that the party so appealing shall give bond and security for the costs of such appeal; and provided, that this section shall not apply to parties held in custody in criminal cases."

The court sustained the motion and dismissed the appeal. Defendant has filed her petition for *certiorari* to this court and assigned errors.

The sole question presented for determination is whether an appeal may be had on the pauper's oath in a *habeas corpus* proceeding. In *Tanksley* v. *State ex rel.*, 1 Tenn. Civ. App. (1 Higgins), 356, Justice HALL, speaking for the court, construed the Act brought into the Code as section 9716, and said:

"It is clear that this Act, in the broadest terms, gives to either the relator or defendant the right of appeal, except to persons held in custody in pending criminal cases upon a criminal charge. It is equally clear from the body of the Act that in case either the relator or defendant appeals from the judgment of the Court below to the Supreme Court, or to any appellate Court having jurisdiction of the cause, he shall first give bond and security for the costs of such appeal. This language is expressed in no uncertain terms, and can have but one meaning, and that is, the party appealing must enter into bond and security for the costs of such appeal. No right is given either expressly or by implication to either the relator or defendant to appeal upon the pauper's oath."

While *certiorari* was not applied for in *Tanksley* v. *State ex rel., supra,* we consider the decision to be sound.

It is contended for defendant, however, that under section 9080 of the Code, she has the right to appeal on the pauper's oath in a *habeas corpus* case. Section 9080 is as follows:

"Except for false imprisonment, malicious prosecution, slanderous words, and for absolute divorce, any resident of this state may commence an action without giving security as above required by taking and subscribing the following oath in writing. . . ."

The argument made is that *habeas corpus* not being excluded by the language of section 9080, the right to appeal on the pauper's oath exists notwithstanding section 9716 specifically requires appeal bond in such cases.

At common law an appeal would not lie in a *habeas corpus* proceeding. *State* v. *Malone,* 35 Tenn. (3 Sneed), 413; *State* v. *Galloway,* 45 Tenn. (5 Cold.), 326, 98 Am. Dec., 404; *Vanvabry* v. *Staton,* 88 Tenn., 334, 12 S. W., 786. But the right of appeal is given by Code, section 9716, upon the condition that appeal bond be given. An appeal has always been held to be within the purview of Code, section 9080. So, the Legislature by the passage of Code, section 9716, added, in effect, to Code, section 9080 another type of suit in which appeal cannot be had on the pauper's oath. The two statutes are *in pari materia* and should be construed together.

*Certiorari* is denied.